UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARY AUSTIN, JR.,

            Petitioner,

vs.                                    Case No. 3:18-cv-685-J-39MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

            Respondents.

_____

## ORDER

### I.  INTRODUCTION

On May 21, 2018, pursuant to the mailbox rule, Petitioner, Cary Austin, Jr., initiated this case by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1 at 16).  He challenges his state court (Duval County) conviction for murder in the first degree and [armed robbery].[1]  Id. at 1.  Petitioner raises one ground: (1) the ineffective assistance of trial counsel for failure "to suppress evidence; to wit: illegally obtained statement."  Id. at 5.

_____

[1] Although Petitioner references "car jacking [sic] with deadly weapon[,]" Petition at 1, he plead guilty to armed robbery with a firearm.  (Doc. 19-2 at 160-66).

Respondents filed an Answer in Response Including Motion to Dismiss (Response) (Doc. 19).  Petitioner filed an Answer and Reply (Reply) (Doc. 20), stating he will rely on "his claim and merits."[2]  See Order (Doc. 7).

## II.   EVIDENTIARY HEARING

Petitioner carries the burden to establish a need for an evidentiary hearing.  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012).  In this case, the Court can "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  As such, Petitioner is not entitled to an evidentiary hearing.  Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## III.   TIMELINESS

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person

---

[2] With respect to the Petition, Response, Reply, and all exhibits, the Court will reference the page numbers assigned by the electronic filing system.

2

in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend Petitioner has failed to comply with the limitation period described above. Response at 7-8. Respondents assert Petitioner is not entitled to the extraordinary remedy of equitable tolling. Id. at 8-10.

3

Upon review, the Petition is untimely filed.  A jury found Petitioner guilty of first degree murder and he discharged a firearm causing death or great bodily harm during the commission of the offense.  (Doc. 19-2 at 26-27).  Judgement and sentence were entered on July 18, 2012.  Id. at 104-109.  At sentencing for the murder offense, Petitioner accepted the state's offer to plead to armed robbery.  Id. at 160-66.

Petitioner appealed to the First District Court of Appeal (1st DCA).  (Doc. 19-7; Doc. 19-8).  On August 14, 2013, the 1st DCA affirmed per curiam.  (Doc. 19-9).  The mandate issued on August 30, 2013.  Id.  The conviction became final on Tuesday, November 12, 2013 (90 days after August 14, 2013) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").  The limitation period began to run on Wednesday, November 13, 2013, and ran for 224 days until the Petitioner filed his Rule 3.850 motion on Wednesday, June 25, 2014.  (Doc. 19-10).  The circuit court denied the motion on Thursday, June 22, 2017.  (Doc. 19-11). The limitation period remained tolled until the thirty-day period to appeal expired on Saturday, July 22, 2017.  That being a Saturday, Petitioner had until Monday July 24, 2017 to file his

notice of appeal.  Petitioner failed to timely file a notice of appeal in the 1st DCA.  Thus, the limitation period began to run on Tuesday, July 25, 2017 and expired 141 days later on Wednesday, December 13, 2017.

Of note, Petitioner sought a belated appeal of the denial of the Rule 3.850 motion (Doc. 19-12 at 1-5); however, on March 15, 2018, the 1st DCA denied the petition for belated appeal on its merits.[3]  (Doc. 19-13).  Since the 1st DCA denied the petition for belated appeal, its filing did not toll the AEDPA one-year limitation period.  Response at 8.  See Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016); Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1142 (11th Cir. 2015) (the denial of a petition for belated appeal never triggers a reexamination of the conviction or sentence and fails to toll the federal limitation period).

---

3 The record demonstrates the circuit court denied the Rule 3.850 motion on June 22, 2017 (Doc. 19-11 at 1-5).  Petitioner, in his Petition for Belated Appeal, states he received the circuit court's order denying his post-conviction motion on July 18, 2017 (within the thirty-day period to appeal).  (Doc. 19-12 at 2).  Instead of filing a notice of appeal, Petitioner, on July 28, 2017 (after the time to file a timely notice of appeal), filed a petition for belated appeal in the circuit court.  Id.  The circuit court, on August 16, 2017, dismissed the petition and sent a certified copy of the order of dismissal to Petitioner on August 21, 2017.  Id.  Petitioner received the order of dismissal on August 24, 2017.  Id.  He then petitioned for a belated appeal in the 1st DCA, id. at 1-5, and the 1st DCA denied the request for a belated appeal on its merits.  (Doc. 19-13).

In his Reply, Petitioner does not contend equitable tolling of the limitation period is warranted.  To the extent he does in the Petition, he has failed to establish equitable tolling is warranted.  Damren v. Fla., 776 F.3d 816, 821 (11th Cir. 2015) (per curiam), cert. denied, 137 S. Ct. 830 (2017).  In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing.  Agnew v. Fla., No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). Equitable tolling is an extraordinary remedy, employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).

As such, a petitioner must make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," a hurdle not easily surmounted.  Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted), cert. denied, 546 U.S. 1108 (2006).  The petitioner carries the burden of persuasion, and, in this instance, Petitioner has not met this high hurdle.  Indeed, he has not pled

"enough facts that, if true, would justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 135 S. Ct. 1171 (2015).

Indeed, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner received notice of the denial of the Rule 3.850 and failed to timely file a notice of appeal, although he certainly had time to do so before the thirty-day period expired to timely appeal. As noted by Respondents, Petitioner had the benefit of the mailbox rule and ample time to deliver a notice of appeal to prison authorities in time to invoke the 1st DCA's jurisdiction. Response at 10.

A habeas petitioner's lack of legal training and general ignorance of the law are not extraordinary circumstances justifying equitable tolling. Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam) (procedural ignorance is not an acceptable excuse); Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (lack of legal education is an insufficient excuse). As expected of other litigants, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (per curiam), cert. denied, 552 U.S. 1232 (2008).

Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing equitable tolling is warranted.  The record demonstrates he had ample time to exhaust state remedies and prepare and file a federal petition.  The Court is not persuaded Petitioner acted diligently.  Indeed, he failed to file a timely notice of appeal of the denial of his post-conviction motion in the 1st DCA although he certainly had ample time to timely file his notice with the benefit of the mailbox rule.  Legal precedence teaches equitable tolling should be used sparingly, and in this instance, Petitioner has failed to show he exercised due diligence.  Further, he has not identified some extraordinary circumstance that stood in his way that prevented timely filing.  Therefore, the Court finds Petitioner has not shown he is entitled to extraordinary relief.  As such, equitable tolling is not warranted.

Although, "[a]ctual innocence may provide a gateway for a § 2254 petitioner to obtain a decision on the merits for an otherwise time-barred claim[,]" Creel v. Daniels, No. 5:16-cv-00803-LSC-JEO, 2018 WL 2187797, at *2 (N.D. Ala. Apr. 12, 2018), report and recommendation adopted by 2018 WL 2184543 (N.D. Ala. May 11, 2018) (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)), to invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible

showing of actual innocence with new reliable evidence that was not presented at trial.  See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.) (per curiam) (finding the alleged exception for AEDPA untimeliness requires a petitioner (1) to present "new reliable evidence . . . that was not presented at trial," . . . and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence) (citations omitted), cert. denied, 568 U.S. 914 (2012).

Here, Petitioner fails to point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence.  See McQuiggin, 569 U.S. at 395 (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner) (citation and quotation omitted).  Lack of new evidence establishing actual innocence proves fatal to any gateway claim.

In conclusion, Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him.  He has failed to demonstrate he is entitled to equitable tolling.  He has failed to make a credible showing of actual innocence by offering new evidence that is

9

directly probative of his innocence.   Therefore, the Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2.    The **Clerk** shall enter judgment dismissing the Petition for Writ of Habeas Corpus (Doc. 1) with prejudice and dismissing the case with prejudice.

3.    The **Clerk** shall close the case.

4.    If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.** [4]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2020.

BRIAN J. DAVIS
United States District Judge

sa 5/18
c:
Cary Austin, Jr.
Counsel of Record

11